UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANE GROW, | ) |
| | ) |
| Plaintiff, | ) 03:07-CV-00105-LRH-RAM |
| | ) |
| v. | ) |
| | ) ORDER |
| ADAM GARCIA, an individual, TODD RENWICK, an individual, KEVIN YOUNGFLESH, an individual, ED RINNE, an individual, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

Before the court is Defendants Adam Garcia, Todd Renwick, and Ed Rinne's (collectively "Defendants") Renewed Motion for Summary Judgment (#133[1]). In response, Plaintiff Lane Grow has filed an "Emergency Motion to Strike Defendants' Motion for Summary Judgment" (#138). Defendants have filed an opposition (#144) to which Plaintiff replied (#149). Defendants have also filed a "Notice of Plaintiff's Failure to Oppose Defendants' Renewed Motion for Summary Judgment" (#150).

**I.  Motion to Strike**

Plaintiff asks the court to (1) strike the majority of the exhibits Defendants attached to the motion for summary judgment and (2) deny the motion. In particular, Plaintiff contends that most

---

[1] Refers to the court's docket entry number.

of Defendants' exhibits are unauthenticated and therefore inadmissible.

In ruling on a motion for summary judgment, a trial court can only consider admissible evidence. *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (*citing* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). "Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Id.* (*citing* Fed. R. Evid. 901(a)). To meet its burden, the party offering the evidence "need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff admits that the deposition extracts, court orders, and affidavits Defendants submitted in support of their Renewed Motion for Summary Judgment are properly authenticated. However, Plaintiff challenges the admissibility of the remaining documents.

**A. Documents Produced During Discovery**

Defendants first argue that they have authenticated all documents produced during discovery. Documents produced by a party during discovery are deemed authentic when offered by the party-opponent. *See Orr*, 285 F.3d at 777 n.20 (citations omitted). In support of their argument, Defendants provide an affidavit from their attorney indicating that during discovery Plaintiff provided to Defendants' counsel documents marked with bates stamp numbers 000001 through 003837, and Defendants provided to Plaintiff's counsel documents marked with bates stamp numbers U000001-U001698. Defendants also provide an affidavit from Plaintiff's former attorney stating that he provided the above-described documents during discovery to Defendants' counsel.

The court finds that Defendants have authenticated the documents produced by Plaintiff during discovery. The statements in Defendants' affidavits indicate that during discovery Plaintiff

provided certain documents to Defendants' counsel, and Defendants are now introducing those documents as evidence against Plaintiff. Accordingly, the court will consider Exhibits 10, 12, 14-15, 17, 19, 21, 24, 26-28, 32, 38, 40-43, 45, 47-52, 55-56, 59-60, and 67.

However, this ruling does not extend to documents produced by Defendants during discovery. The discovery-authentication rule applies only to documents offered by the party-opponent. *See Orr*, 285 F.3d at 777 n.20 (citations omitted). Because Defendants themselves produced these documents during discovery, the court finds that Exhibits 7, 9, 13, 18, 25, 33, 44, 54, and 61 have not been authenticated merely because of their production during discovery.[2]

Defendants also attempt to authenticate documents produced during discovery in a separate, but related action. However, the affidavits Defendants provide do not indicate who produced the documents, and none of the parties to this or the previous action have admitted to producing the documents. *See Orr*, 285 F.3d at 777. Accordingly, the court finds that these documents are not admissible as documents produced during discovery.[3]

**B. Authentication Under Federal Rule of Evidence 901(b)(4)**

Defendants next argue that, regardless of whether the court finds the documents produced during discovery authenticated for that reason, the court can find many of the documents authentic under Federal Rule of Evidence 901(b)(4). Rule 901(b)(4) provides that a document's authenticity may be established by the document's "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(4).

---

[2] Likewise, these documents have not been authenticated by personal knowledge. Defendants argue that their counsel's declaration authenticates the documents. However, the majority of these documents are correspondence written by Defendants or other University of Nevada employees. To introduce these exhibits by attaching them to counsel's declaration, under Federal Rule of Civil Procedure 56(e), counsel must have personal knowledge of the documents. *See Orr*, 285 F.3d at 777. Counsel does not have personal knowledge of the documents, and Defendants have failed to submit an affidavit or identify deposition testimony from the authors of the documents.

[3] Although it appears that Defendants' counsel and Plaintiff's former counsel may have orally stipulated to the authenticity of these documents, Plaintiff no longer has counsel and now denies their authenticity.

The court has reviewed the documents and finds that Defendants have satisfied their burden of establishing the authenticity under Rule 901(b)(4) of Exhibits 6-7, 9-10, 12-14, 19, 26-27, 30-33, 38, 47-50, 53-56, 60-61, 64-65, and 67.  These documents are primarily correspondence, and the authors, content, and dates of the correspondence, as well as other evidence, primarily deposition testimony, confirms the authenticity of these documents.  Accordingly, the court finds Exhibits 6-7, 10, 12-14, 19, 26-27, 30-33, 38, 47-50, 53-56, 60-61, 64-65, and 67 admissible.

**C.  Remaining Exhibits**

To summarize, Plaintiff concedes the authenticity of Exhibits 1-5, 8, 11, 20, 22-23, 29, 34-37, 57, 63, and 66, and the court has found that Defendants have properly authenticated Exhibits 6-7, 9-10, 12-15, 17, 19, 21, 24, 26-28, 30-33, 38, 40-43, 45, 47-56, 59-61, 64-65, and 67.  This leaves the following documents: (1) Exhibit 16; (2) Exhibit 18; (3) Exhibit 25; (4) Exhibit 39; (5) Exhibit 44; (6) Exhibit 46; (7) Exhibit 58; and (8) Exhibit 62.  The court will review each document below.

Exhibit 16 appears to be a Department of Police Services General Order concerning shift assignments.  Likewise, Exhibits 18 and 44 are General Orders concerning leave, compensation, and conditions of employment, and Exhibit 25 is a General Order discussing standards of conduct.  Defendants have not produced an affidavit or cited deposition testimony from the individuals responsible for these General Orders or any other arguments or evidence indicating that the documents can be authenticated under Federal Rules of Evidence 901(b) or 902.  As such, the court will not consider them.

Exhibit 39 is a decision of the Nevada State Personnel Commission Hearing Officer in a matter involving Defendant Youngflesh.  Generally, courts may take judicial notice of "orders and decisions made by other courts or administrative agencies."  *Papai v. Harbor Tug Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997).  Nonetheless, while the court may take judicial notice of the existence of another court's opinion that is "not

1  subject to reasonable dispute over its authenticity[,]" the court may not take judicial notice of the
2  truth of factual findings made in another court's decision. *See Wyatt v. Terhune*, 315 F.3d 1108,
3  1114 (9th Cir. 2003) (citation omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90
4  (9th Cir. 2001). Accordingly, the court will take judicial notice of the existence of the Nevada
5  State Personnel Commission Hearing Officer's decision, but will not take judicial notice of any
6  facts found or recited therein.[4]

7        Exhibit 46 appears to be several memoranda outlining the 2006, 2007, and 2008
8  Supervisor's Meeting Schedules, and Exhibit 58 appears to be documents relating to a Lieutenants
9  Examination. Defendants, rather than Plaintiff, produced these documents during discovery,
10 Defendants' counsel does not have personal knowledge of these documents, and Defendants have
11 not made a sufficient showing to authenticate the documents under any of the provisions of Rules
12 901or 902. As such, the court will not consider Exhibits 46 and 58.

13       Finally, Exhibit 62 is a photocopy of a section of the Nevada Administrative Code.
14 Defendants argue that the court can take judicial notice of this document. However, the court
15 routinely considers such statutory authority in its legal analysis, and the court need not take judicial
16 notice of the document.

17 **II.    Notice of Plaintiff's Failure to Oppose**

18       Defendants have filed a "Notice" indicating that Plaintiff had until November 16, 2009, to
19 file an opposition to their Renewed Motion for Summary Judgment (#133). Plaintiff has failed to

20

---

21       [4]Defendants argue that the decision can be authenticated under Federal Rule of Evidence 901(b)(7).
   Under Rule 901(b)(7), a party can authenticate a public record or report by producing evidence indicating that
22 the "writing [is] authorized by law to be recorded or filed and [is] in fact recorded or filed in a public office,
   or a purported public record, report, statement, or data compilations, in any form, [that] is from the public office
23 where items of this nature are kept." Fed. R. Evid. 901(b)(7). Here, there is no indication that the decision was
   "recorded" or "filed" in the Nevada State Personnel Commission office or was received from that office in this
24 litigation. Likewise, Defendants have not provided an affidavit or deposition testimony of the custodian of such
   records. *See Estrada-Eliverio*, 583 F.3d at 673 (citation omitted) ("Public records are regularly authenticated
25 by proof of custody . . . ."). Defendants have also not provided evidence satisfying Rule 902's self-
   authentication provisions for public records.
26

do so. Nonetheless, in his briefing concerning the motion to strike, Plaintiff indicates that if the court were to grant his motion to strike, his opposition might be unnecessary. As the court has now reached a decision on the motion to strike, and considering Plaintiff's status as a pro se litigant, the court will grant Plaintiff additional time to file an opposition.[5]

IT IS THEREFORE ORDERED that Plaintiff's "Emergency Motion to Strike Defendants' Motion for Summary Judgment" (#138) is GRANTED in part and DENIED in part.[6]

IT IS FURTHER ORDERED that Plaintiff is granted fifteen (15) days from the entry of this order to file an opposition to Defendants' Renewed Motion for Summary Judgment (#133). Defendants shall have ten (10) days to file a reply.

IT IS SO ORDERED.

DATED this 2nd day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] If Plaintiff fails to file an opposition, the court will consider the motion for summary judgment on its merits. Although local Rule 7-2 provides, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion[,]" "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

[6] The motion is granted only to the extent that, in considering the motion for summary judgment, the court will not consider Exhibits 16, 18, 25, 44, 46, and 58.

6