FRANK H. ROBERTS
Assistant General Counsel
University of Nevada
Nevada Bar No. 914
1664 N. Virginia Street/MS 550
Reno, Nevada  89557-0550
(775) 784-3495
(775) 327-2202  fax
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LANE GROW,

               Plaintiff,

    vs.

ADAM GARCIA, an individual, TODD
RENWICK, an individual, KEVIN
YOUNGFLESH, an individual, ED RINNE,
an individual,

               Defendants.
_____/

**No.:  3:07-CV-00105-LRH-RAM**

**SUPPLEMENT TO REPLY IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT, Doc. #133**

    Defendants Adam Garcia, Todd Renwick, and Ed Rinne, by and through their counsel, Frank H. Roberts, UNR Assistant General Counsel, hereby submit their SUPPLEMENT TO REPLY IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGEMENT, Doc. #133. (Dockets #176 and #177).

    Attached hereto are signed and notarized copies of **Exhibit 2**, the affidavit and decision of the Nevada State Personnel Commission Hearing Officer, attorney Jay Short, and **Exhibit 4**, the affidavit of Todd Renwick.  Also attached as **Exhibit 7** is the Affidavit of Kevin Youngflesh, which also responds to Plaintiff Grow's Exhibit 15 to Doc #159, his opposition to renewed motion for summary judgment.

/ / /

/ / /

/ / /

1    DATED this 27th day of April, 2010.

2

3                                          /s/    Frank Roberts
                                          Assistant General Counsel
4                                          University of Nevada
                                          Nevada Bar No. 914
5                                          1664 N. Virginia Street/MS 550
                                          Reno, Nevada  89557-0550
6                                          (775) 784-3495
                                          (775) 327-2202  fax
7                                          *Attorney for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Nevada System of Higher Education, over the age of eighteen years, that I am not a party to the within action, and that on the 27th day of April, 2010, a copy of SUPPLEMENT TO REPLY IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT, Doc. #133, was delivered by electronic service to the following address by filing same in the Court's CM/ECF electronic filing service:

> MARIE MIRCH, ESQ.
> 444 WEST C STREET, SUITE 320
> SAN DIEGO, CA. 92101
> 2610 BEAUMONT PKWY
> RENO, NV 89523

                                    /s/   Joan Howard
                                    Employee of the University of
                                    Nevada, Reno of the Nevada
                                    System of Higher Education

# EXHIBIT 2

# EXHIBIT 2

1  FRANK H. ROBERTS
   Assistant General Counsel
2  University of Nevada, Reno
   Nevada Bar No. 914
3  1664 N. Virginia St., M/S 550
   Reno, Nevada 89512-0550
4  (775) 784-3495
   (775) 327-2202
5  *Attorneys for Defendants*

6

7                      UNITED STATES DISTRICT COURT

8                           DISTRICT OF NEVADA

9                                 *****

10  LANE GROW,                          No.: 3:07-CV-00105-LRH-RAM

11              Plaintiff,              AFFIDAVIT OF FRANCIS JAY
                                        SHORT
12       vs.

13  ADAM GARCIA, an individual, TODD
    RENWICK, an individual, KEVIN
14  YOUNGFLESH, an individual, ED RINNE,
    an individual,
15

16              Defendants.

17  _____ /

18

19  STATE OF NEVADA
                                        *ss.*
20  COUNTY OF WASHOE

21       I, Francis Jay Short, do hereby swear under penalty of perjury that the assertions of

22  this affidavit are true and assert as follows:

23       1. I am a Hearing Officer for the Nevada State Personnel Commission.

24       2. Attached hereto is Exhibit 2 to Defendants' Reply in Support of Renewed Motion

25  for Summary Judgment in this action. Exhibit 2 is a true and correct copy of the Findings

26  / / /

                                        -1-

of Fact, Conclusions of Law and Decision in Case No. CC-03-08-JS which I prepared and signed on November 25, 2008, following the hearing on Petitioner-Employee, Lane Grow's first of five Whistleblower complaints against Respondent-Employer, the University of Nevada, Reno Police Services. This document is regularly filed and recorded by the Nevada State Personnel Commission.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 22 ml day of April, 2010.

_____
FRANCIS JAY SHORT

State of Nevada
County of Washoe

SUBSCRIBED and SWORN to before me,
this 22nd day of April, 2010, by ✕✕ Francis Jay Short. ✕✕

_____
NOTARY PUBLIC



KIMBERLY K. FOSTER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 98-0552-2 - Expires July 13, 2011

-2-

1
2
3
4
5
6
7
8

## BEFORE THE NEVADA STATE PERSONNEL COMMISSION
## HEARING OFFICER

9
10

Lane Grow,

       Petitioner-Employee,

11

vs.

12
13
14

STATE OF NEVADA, ex rel.
NEVADA SYSTEM OF HIGHER
EDUCATION ON BEHALF OF
THE UNIVERSITY OF NEVADA,
RENO,

15

       Respondent-Employer.
_____/

Case No. CC-03-08-JS

16
17

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION

This matter came before the undersigned Hearings Officer on October 9, 2008.

18
19
20

The Petitioner-Employee was present and represented by Jeffrey Dickerson, Attorney

at Law.   The Respondent-Employer was represented by Frank Roberts, Nevada

Deputy Attorney General.

21
22
23
24

The undersigned Administrative Hearing Officer having heard and considered

the testimony and evidence admitted, as well as the arguments of the parties, hereby

makes the following Findings of Fact, Conclusions of Law and Decision.

### I. FINDINGS OF FACT.

25
26
27
28

Petitioner/Employee Lane Grow is employed by the Respondent/Employer

University of Nevada, Reno Police Department (UNRPD).   In May and June 2007,

Officer (then Sergeant) Grow filed three complaints pursuant to NRS 281.641, the

1

Nevada Whistleblower Law. The second and third complaints were dismissed in their entirety by the previous Nevada Personnel Commission Hearing Officer in an Order dated November 27, 2007.

The first complaint, filed on May 14, 2007, alleged retaliation against the Petitioner, in violation of NRS 281.641, for filing a federal age discrimination suit against the Department on March 4, 2007.

In oral testimony before the Hearing Officer on October 9, 2008, the Petitioner alleged that in May 2007, he and three other complainants from UNR went to the Nevada Attorney General's Office in Carson City to initiate a corruption investigation against UNRPD. Petitioner maintained that this action constituted a separate protected activity entitled to protection under NRS 281.641. The Petitioner was unable to provide any documentation verifying an in person meeting with the Attorney General's Office. Counsel for the Respondent contacted the Attorney General's Office and was informed, based upon a review of the Attorney General Catherine Cortez Masto's calendar, that the meeting took place on April 17, 2008, 11 months after the filing of Petitioner's whistleblower complaint. A printout from the Attorney General's calendar was admitted, without objection, as Exhibit 7. An Investigatory Report from the Nevada Attorney General's Office establishing that the investigation was initiated in April, 2008, was admitted as Exhibit 8.

The first Complaint was partially dismissed in the November 27, 2007, Order. In that Order, the previous Hearing Office ruled that the Complaint should proceed to hearing on the sole issue of whether the Respondent retaliated against the Petitioner by preventing him from bidding on shift assignments with the other shift sergeants at the UNR Police Department.

Prior to the Hearing Set for October 9, 2008, the Respondent filed a Motion to exclude the testimony of certain witnesses who were not identified at a discovery conference held in January 2008. The Motion was overruled because the Hearing Officer believed that the testimony of the witnesses in question would be beneficial

1    to an understanding of past pattern and practice regarding the shift bidding process

2    at UNRPD and whether shift bidding was used to punish or reward individual

3    officers. The Hearing Officer believed that the presence and availability of the

4    UNRPD command staff at the hearing would allow Respondent the opportunity to

5    adequately rebut the testimony of the additional witnesses.

6         Prior to testimony it was established that the positions of Sergeant and

7    Lieutenant in the UNRPD were eliminated in a "flattening" of the command

8    structure that occurred in July of 2008. This restructuring is the subject of a

9    separate complaint pursuant to NRS 281.641(1), Case No. CC-22-08-JS, alleging that

10    the flattening of the Department was retaliatory against Officer Grow. Counsel for

11    the Petitioner made an oral motion to consolidate that matter with the current one.

12    Counsel argued that the elimination of the sergeants positions would make any relief

13    granted in the present matter a mute point. Respondent opposed this motion. The

14    Hearing officer reserved ruling on the motion pending presentation of the evidence

15    in the present case and a review of the file in the other matter.

16         Based upon the testimony presented on October 9, 2008, and the Hearing

17    Officer's review of the file in Case No. CC-08-22-JS, the motion to consolidate is

18    hereby denied as inappropriate for consolidation with the current matter.

19         UNRPD General Order 09-001, effective March 11, 2002 and revised effective

20    August 1, 2004, was admitted as Exhibit 1. This Order establishes that at the time

21    the alleged retaliation took place, the UNR Police was providing patrol coverage of

22    the University campus using three shifts. A sergeant was assigned to each shift.

23    General Order 09-001 states that departmental policy at the time in question was

24    that shift sergeants were administratively assigned by the patrol lieutenant and that

25    the shifts rotated every six months.

26         A subsequent revision of General Order 09-100, effective May 22, 2007, was

27    admitted as Exhibit 2. This revision of the Order, in Section IV C, granted the

28    Department's Operation Lieutenant discretion to allow shift bidding among

1  sergeants.

2      Officers Victor Garcia, Charles Hopps and Trent Eddings testified that prior

3  to the end of 2007 (and prior to the elimination of the sergeants positions) they

4  believed, based upon conversations with the then sergeants, that the three shift

5  sergeants were allowed to bid on their shift preference based upon seniority.

6      Investigator David Osowski testified that he was a shift sergeant at UNRPD

7  prior to the flattening of the department. He testified that initially during his tenure

8  as a sergeant the departments' sergeants bid on shift preference based on seniority.

9  At some point (he was uncertain) the policy was changed to a mandatory rotation.

10  He testified that in the Spring of 2007 the descending seniority order among the

11  sergeants was Grow, himself, Conley then Gibson.

12      Investigator Osowski denied the allegation contained in Petitioner's Complaint

13  that the July 1, 2007, rotation had been altered to grant him a shift preference. He

14  denied asking for any specific shift. He did acknowledge that his July 1, 2007, shift

15  assignment changed 4 to 6 times in a two week period in May 2007 prior to the final

16  assignment.

17      Investigator Osowski testified to a disagreement between Sergeant Conley and

18  himself regarding who was senior. Conley was previously promoted to lieutenant

19  then demoted back to sergeant. The argument was over whether Conley's seniority

20  date should run from his initial date of promotion to sergeant (prior to being

21  elevated to lieutenant) or from his demotion date.

22      Shift schedules were released every six months on January first and July first.

23  Exhibit 3 was introduced. This document is a copy of an e-mail from Investigator

24  Osowski to (then) Lieutenant Edward Rinne dated January 11, 2008, regarding the

25  July 2007 shift bid. The e-mail contains the following statement:

26      I was originally scheduled to be on Grave with Sgt Grow . . . Some sort
       of issue came up with the other Sergeants (I seem to remember somebody
27      did not want Dayshift, the shift I was coming off of). I got tied of it and
       asked you at one point, that to get through whatever was going on; I
28      would bite the bullet and do another rotation on days. This came up at

4

a supervisor meeting and the Director was adamant that we would all be rotating.

Investigator Osowski stated his opinion that all of the sergeants were treated the same and rotated in the same manner since implementation of the mandatory rotation in July 2007. He testified that he was unaware of any instance, prior to the implementation of the strict rotation policy in July 2007, where command had overruled the stated shift preference agreed to among the sergeants.

Officer Grow testified he was promoted to sergeant in 1998 and demoted to officer as part of the departmental flattening effective July 2008. He testified to the prior policy of permitting the sergeants to shift bid based upon seniority. He testified that he bid for and received swing shift for January 2007. He testified to an effort by the sergeants to get Director Garcia to formalize this policy but that Garcia refused, stating that he would never put it in writing. He further testified that the sergeants attempted to bid on their shifts for July 2007. They put together an agreement that was presented to Director Garcia. The Director refused to honor the agreement and informed them that everyone would be administratively assigned.

Officer Grow testified that he filed a complaint on May 4, 2007, alleging corruption in UNRPD with the Nevada Attorney General's Office, the Las Vegas F.B.I and the U.S. Attorney's office in Las Vegas. He testified to his belief that the change in the Department's shift bidding policy was taken in retaliation for these actions, in violation of NRS 281.641.

On cross-examination Officer Grow testified that he did not know if all of the sergeants were administratively assigned. He contradicted Officer Osowski recollection by stating that Osowski informed him that his (Osowski's) shift preference had been granted. He testified that other sergeants who were denied their shift preference in the July 2007 rotation were also unhappy. He testified that the shift assignments made by (then) Lieutenant Rinne were subject to frequent changes prior to being finalized.

5

A sworn deposition of Sergeant Marc Conley, taken in Officer Grow's federal age discrimination suit against the Department on December 12, 2007, was admitted as Exhibit 6. In the deposition, then Sergeant Conley testified that the shift bidding policy was changed by Lieutenant Kevin Youngflesh. He confirmed that there was a General Order that was not being enforced, but that the lieutenants allowed shift bidding.

Commander Todd Renwick testified that he was formerly Assistant Director of UNRPD from December 2002 through the end of 2006. He confirmed that during this period he made the decision to allow sergeants to shift bid as a convenience to them. He testified that in November or December 2006, the decision was made by Director Garcia to return to the literal language of General Order 09-001. He testified that the decision was motivated by the seniority dispute between (then) Sergeants Osowski and Conley. The dispute came to the Director's attention because Sergeants Osowski and Conley had gone to the UNR Personnel Office to resolve the dispute and the personnel office had contacted the Director regarding how seniority issues should be resolved following a demotion.

Commander Renwick testified that he was questioned by Director Garcia regarding the assignment of sergeants and that the Director wanted to know why General Order 09-001 was not being followed. He stated that, prior to this point, the Director had never participated in making shift assignments for the sergeants. He stated that there was no written directive to return to the general order. Commander Renwick denied that the decision to return to strict enforcement of General Order 09-001 had anything to do with the filing of Petitioner's federal lawsuit.

Commander Renwick stated that at a meeting in November or December of 2006, it was communicated to the then sergeants, including Petitioner and Sergeant Osowski, that they would be allowed to retain their previously expressed preferences for the January 2007 rotation, but that thereafter the General Order would be

1    strictly enforced and that everyone would rotate shifts clockwise.

2         Commander Renwick testified that since the return to strict implementation of

3    General Order 09-001, effective July 1, 2007, all rotations have been in the same

4    direction and that, in his opinion, all of the (then) shift sergeants (Grow, Osowski

5    and Conley) were treated fairly.

6         Director Adam Garcia denied that his actions in implementing strict

7    enforcement of General Order 09-001 were taken in retaliation for the filing of

8    Petitioner's complaints. He testified that he first learned from Assistant Director

9    Renwick that the sergeants were shift bidding in late 2006. The subject came up in

10   the context of the argument between Sergeants Osowski and Conley regarding

11   seniority. He confirmed that the shift preferences for January 2007 would be

12   allowed to stand, but that the General Order would be strictly enforced thereafter.

13   He testified that the change was communicated to the sergeants at a staff meeting

14   and that no one filed a grievance to protest the change.

15        In response to Director Garcia's request, Assistant Director Renwick and

16   Lieutenant Ed Rinne developed a clockwise "wheel rotation" for the shift sergeants.

17   The shift wheel was used three times prior to the flattening of the department

18   effective July 2008. A diagram showing the wheel rotations of Sergeants Grow,

19   Osowski and Conley for January 1, 2007, July 1, 2007 and January 1, 2008 was

20   admitted as Exhibit 14. Staffing sheets showing the assignment of all UNRPD patrol

21   officers for the same three shifts were admitted as Exhibits 11 through 12. Director

22   Garcia denied that any exceptions were made among the three sergeants during the

23   two instances when the wheel turned on July 1, 2007 and January 1, 2008.

24        Director Garcia testified that he first learned of Petitioner's complaint with the

25   Attorney General's Office in April 2008, nearly one year after the filing of the

26   Petitioner's whistleblower complaint and nearly a year and a half after the decision

27   to revoke shift bidding by the sergeants.

28        Commander Edward Rinne testified to his knowledge of General Order 09-001

1    and the revocation of the shift bidding preference in November or December 2006.

2    He testified that the revocation was prompted by the dispute between Sergeants

3    Osowski and Conley. He confirmed that the sergeants were informed of this decision

4    at a staff meeting in November or December of 2006. He testified to his familiarity

5    with the operation of the sergeants' shift rotation wheel on July 1, 2007 and January

6    1, 2008. He also denied that any alterations in the wheel rotation were made to

7    accommodate the shift preference of a particular sergeant. He denied that the

8    return to General Order 09-001 and implementation of the wheel was done in

9    retaliation for the filing of Petitioner's complaint.

10    At the conclusion of evidence, counsel for the Petitioner withdrew the allegation

11    that his client was retaliated against for initiating a corruption investigation with the

12    Nevada Attorney General's Office, leaving the filing of the March 4, 2007 federal

13    age discrimination suit as the only protected action for purposes of the whistleblower

14    complaint filed pursuant to NRS 281.641.

15    At the conclusion of evidence, the Hearing officer stated his intention to reserve

16    ruling on the matter until the conclusion of the Hearing in Case No. CC-22-08-JS.

17    This determination was rescinded after further review of the file in Case No. CC-08-

18    22-JS and communicated to a letter to counsel for the parties dated October 14,

19    2008.

20                    ## II. CONCLUSIONS OF LAW.

21     The EMPLOYEE'S appeal to the undersigned Administrative Hearing Officer

22    of the State of Nevada Personnel Commission was timely filed and the determination

23    of the merits of the appeal is properly within the jurisdiction, pursuant to NRS

24    281.641 and NAC 281.305, of the undersigned Administrative Hearing Officer.

25    In this case, the substantial, reliable and probative evidence establishes that the

26    decision to eliminate shift bidding by the sergeants was not taken in retaliation for

27    the filing of Petitioner's complaint. Multiple witnesses testified that the decision to

28    eliminate shift bidding was made prior to the filing of Petitioner's age discrimination

1   complaint on March 4, 2007.  It was credibly established that the decision to

2   eliminate the sergeants' shift bidding was motivated by a dispute between (then)

3   Sergeants Osowski and Conley that had nothing to do with (then) Sergeant Grow.

4       The evidence further establishes that there was an existing General Order (09-

5   001) that was not being adhered to.  The Director was within his authority in

6   returning to a strict implementation of this order. The evidenced further establishes

7   all of the shift sergeants were treated equally and fairly after the return to strict

8   interpretation of General Order 09-001 and the implementation of the shift rotation

9   wheel.  On the two occasions when the shift wheel turned, prior to the flattening of

10  the Department, all three of the shift sergeants were rotated in turn.

11      Accordingly, Petitioner has failed to meet his burden of establishing that an

12  action was taken by UNRPD in reprisal or retaliation for the filing of his federal

13  action.

14                          **III. DECISION.**

15      Based upon the foregoing Findings of Fact and Conclusions of Law, and good

16  cause appearing Petitioner's Complaint filed pursuant to NRS 281.641 is hereby

17  dismissed.

18      IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

19      DATED this 25th day of November, 2008.

                                          Francis Jay Short
                                          Administrative Hearing Officer

## CERTIFICATE OF SERVICE BY MAIL

Pursuant to NRCP 5(b) I hereby certify that I have, on this date deposited for

mailing at Reno, Nevada, postage prepaid, a true and correct copy of the Findings of Fact,

Conclusions of Law and Decision to the following parties:

Mr. Jeffrey Dickerson, Esq.
9655 Gateway Drive
Reno, Nevada 89512

Mr. Frank Roberts, Esq.
Assistant General Counsel
Nevada System of Higher Education
2601 Enterprise Road
Reno, Nevada 89512

Mr. Milton Glick, President
University of Nevada
Clark Administration
Mail Stop 001
Reno, Nevada 89557

Ms. Deborah Olson, Director of Human Resources
University of Nevada
70 Artemesia Building, Room 2
Mail Stop 240
Reno, Nevada 89557-0055

Mr. Adam Garcia, Director
University Police Services
1664 N. Virginia Street
Mail Stop 0250
Reno, Nevada 89557-0042

Mr. Ricky Burdick
Department of Personnel
209 E. Musser Street, Room 300
Carson City, Nevada 89701

Dated this ___ day of November, 2008

# EXHIBIT 4

# EXHIBIT 4

1  FRANK H. ROBERTS
   Assistant General Counsel
2  University of Nevada, Reno
   Nevada Bar No. 916
3  1664 N. Virginia Street/MS 550
   Reno, Nevada 89557-0550
4  (775) 784-3492
   (775) 327-2202--FAX
5  *Attorneys for Defendants*

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9  LANE GROW, an individual,                    Case No.: 3:07-cv-00105-LRH-RAM

10          Plaintiff,

11     vs.

12  ADAM GARCIA, an individual, TODD          **AFFIDAVIT OF TODD RENWICK**
    RENWICK, an individual, KEVIN
13  YOUNGFLESH, an individual, ED RINNE,
    an individual,
14
            Defendants.
15
                                            /
16

17  STATE OF NEVADA  )
                     )  *ss.*
18  WASHOE COUNTY    )

19     I, TODD RENWICK, do hereby swear under penalty of perjury that the assertions of this

20  affidavit are true except as to those matters stated on information and belief, and that as to such

21  matters I believe them to be true, as follows:

22     1.     I am a Commander with the University of Nevada Police Services and a defendant

23  herein.

24     2.     During the time period of December 2002 through end of 2006, I was the Assistant

25  Director for Police Services. During that time, I made a decision to allow sergeants to bid for their

26  shifts by seniority, or in most cases let them work it out amongst themselves. In November or

27  December 2006, Director Garcia made the decision to revert back to the language in General Order

28  09-001. Part of this reason was due to a dispute between (then) Sergeants Osowski and Conley

                                        - 1 -

1  over who had seniority. This came to the Director's attention because Osowski and Conley went to
2  UNR Human Resource Office to have them resolve the dispute. Human Resources then in turn
3  contacted Director Garcia to explain how issues should be resolved when they involve seniority or
4  demotion.

5      3.    I was asked by Director Garcia regarding the assignments of sergeants and why I was
6  not following General Order 09-001. I explained it was something I had allowed them to do as long
7  as they could work it out themselves, not knowing there was a dispute between Osowski and
8  Conley. The decision to enforce General Order 09-001 had nothing to do with the filing of (then)
9  Sergeant Grow's Federal Lawsuit or any activity by Grow.

10      4.    During a supervisors meeting in November or December 2006, I communicated to the
11  Sergeants, including Grow and Osowski, which they would be allowed to stay on their previously
12  chosen shifts for the January 2007 rotation, but would have to go by the General Order after that.
13  To make it fair, I told them Sergeants would rotate their shifts in a clockwise rotation. Since July
14  2007, all rotations have been made in the same clockwise direction and all Sergeants were treated
15  equally.

16      5.    I had not seen Plaintiff's Exhibit 15, a February 2, 2007 Memorandum from Plaintiff
17  Grow to Lieutenant Youngflesh about Sergeant Grow's attendance of LEEDA training, until April
18  2010 when it was made an Exhibit to Grow's Opposition to Defendants' Renewed Motion for
19  Summary Judgment. I do recall the LEEDA training. It was mandatory training for all supervisors in
20  UNRPD. Grow was a supervisor. LEEDA is an acronym for the FBI's "Law Enforcement Executive
21  Development Association."

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    FURTHER AFFIANT SAYETH NAUGHT.

2    DATED this 27 day of April, 2010.

3

4    

5                                              TODD RENWICK

6    SUBSCRIBED AND SWORN to before me

7    this 27th day of April, 2010 by

8    Todd Renwick.

9

10   _____

11            NOTARY PUBLIC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

# EXHIBIT 7

1  **FRANK H. ROBERTS**
   **Assistant General Counsel**
2  **University of Nevada, Reno**
   **Nevada Bar No. 914**
3  **1664 N. Virginia St., M/S 550**
   **Reno, Nevada 89512-0550**
4  **(775) 784-3495**
   **(775) 327-2202**
5  *Attorneys for Defendants*

6

7                    **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9                            □□□□□

10  LANE GROW,                         No.: 3:07-CV-00105-LRH-RAM

11          Plaintiff,                 **AFFIDAVIT OF KEVIN**
                                       **YOUNGFLESH**
12      vs.

13  ADAM GARCIA, an individual, TODD
    RENWICK, an individual, KEVIN
14  YOUNGFLESH, an individual, ED RINNE,
    an individual,
15

16          Defendants.

17  _____/

18

19  **STATE OF NEVADA**
                                       *ss.*
20  **COUNTY OF WASHOE**

21      I, Kevin Youngflesh, do hereby swear under penalty of perjury that the assertions of

22  this affidavit are true and assert as follows:

23      1. I am a former Lieutenant in University of Nevada, Reno, Police Services

24          (UNRPD).

25      2. I was formerly a defendant in this action.

26  / / /

1

2

3

4    3.  I was terminated from my employment with UNRPD following the report by Sgt.

5        Conley of having picked me up from a bar in a patrol vehicle and comments which

6        he alleged I made concerning Plaintiff Grow. I appealed the termination, was

7        reinstated by order of the State Personnel Commission Hearing Officer, Bill

8        Kockenmeister, and then I resigned from my employment with UNRPD.

9    4.  Regarding Plaintiff Grow's Exhibit 15 to Doc 159, a February 2, 2007 email to me,

10       I had requested all supervisors under my command to provide highlights of what

11       they had learned in the LEEDA training. Grow's Exhibit 15 email was his

12       compliance with my request as his superior. I received several other memos from

13       supervisors as per my request.  Shortly after being promoted to Lt. I told all the

14       supervisors that when they were sent to training they needed to return and either

15       share the training with other department members, i.e. conduct a briefing training

16       class or provide study materials, or provide me with a memo summarizing the

17       training experience.

18   FURTHER AFFIANT SAYETH NAUGHT.

19   DATED this ⟍⟍⟍ day of April, 2010.

20

21

22                                                KEVIN YOUNGFLESH

23

24   SUBSCRIBED and SWORN to before me,
     this 26 day of April, 2010.

25                                                

26
     NOTARY PUBLIC

-2-