UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LANE GROW, | ) | |
| | ) | |
| Plaintiff, | ) | 03:07-CV-00105-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ADAM GARCIA, an individual, TODD RENWICK, an individual, KEVIN YOUNGFLESH, an individual, ED RINNE, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants Adam Garcia, Todd Renwick, and Ed Rinne's (collectively "Defendants") Renewed Motion for Summary Judgment (#133[1]). Plaintiff Lane Grow has filed an opposition (#159) to which Defendants replied (#176).

On September 18, 2009, the court issued an order (#131) granting Defendant Kevin Youngflesh's Motion for Summary Judgment (#110). Because the facts of this case are largely undisputed, and because the court and the parties are familiar with the facts, the court will not repeat them here.[2]

In the complaint, Plaintiff alleges the following claims for relief: (1) First Amendment

---

[1] Refers to the court's docket entry number.

[2] For a general discussion of the facts, see the court's Order (#131).

retaliation; (2) age-based discrimination; (3) discrimination based on Plaintiff's "lack of a disability of addiction to alcohol"; (4) gender-based discrimination; and (5) equal protection violations based on Plaintiff's age and gender.[3] However, only Plaintiff's First Amendment retaliation claim remains in dispute.[4]

"It is well settled that 'a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.'" *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006) (*quoting Connick v. Meyers*, 461 U.S. 138, 142 (1983)). Generally, "[t]o sustain a First Amendment retaliation claim, a public employee must show (1) the employee engaged in constitutionally protected speech, (2) the employer took adverse employment action against the employee, and (3) the employee's speech was a 'substantial or motivating' factor in the adverse action." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (*quoting Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir. 2006)).

Noting that "First Amendment retaliation law has evolved dramatically, if somewhat inconsistently," the Ninth Circuit has clarified and explained the appropriate approach to assessing a First Amendment retaliation claim. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). In doing so, the court outlined the following sequential, five-step series of questions to be answered in

---

[3]In his opposition, Plaintiff appears to contend that he has also stated a claim for hostile work environment discrimination. Besides a brief reference to severe and pervasive harassment in the factual section of the complaint, however, the complaint does not identify hostile work environment as a separate and independent claim for relief. In any event, even if the complaint did allege such a claim for relief, the evidence before the court does not suggest that Defendants' conduct was either severe or pervasive enough to support a hostile work environment claim.

In addition, Plaintiff repeatedly states in the opposition that his § 1983 claims do not require him to demonstrate a constitutional violation. Plaintiff is incorrect in assuming that claims for disparate treatment and speech-related retaliation can lie under § 1983 absent a constitutional violation. Further, Plaintiff has not identified any other laws that Defendants' conduct violates.

[4]In its previous order (#131), the court concluded that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, preempts Plaintiff's age discrimination claim. Likewise, the court concluded that Plaintiff's claim based on his lack of an alcohol addiction was unsupported by the facts. Plaintiff has failed to identify any convincing reasons why these findings do not apply equally to Plaintiff's claims against Defendants Garcia, Renwick, and Rinne. Summary Judgment on these claims is therefore appropriate

2

1  a First Amendment retaliation case: (1) whether the plaintiff spoke on a matter of public concern;
2  (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's
3  protected speech was a substantial or motivating factor in an adverse employment action; (4)
4  whether the state had an adequate justification for treating the employee differently from other
5  members of the general public; and (5) whether the state would have taken the adverse
6  employment action even absent the protected speech. *Id.*

7  Determining whether the speech at issue touched on a matter of public concern is purely a
8  question of law properly decided on summary judgment. *Posey*, 546 F.3d at 1126 (citations
9  omitted). The plaintiff "bear[s] the burden of showing that [his] speech addressed an issue of
10 public concern based on the content, form, and context of a given statement, as revealed by the
11 whole record." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009) (citations
12 and internal quotation marks omitted).

13 The "greatest single factor" in determining whether speech addressed a matter of public
14 concern is the content of the speech. *Id.* (citation omitted). "If employee expression relates to an
15 issue of 'political, social, or other concern to the community,' it may fairly be said to be of public
16 concern." *Brewster v. Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998) (*quoting
17 Connick*, 461 U.S. at 146). In particular, speech addresses a matter of public concern where it
18 involves "issues about which information is needed or appropriate to enable the members of
19 society to make informed decision about the operation of their government." *Desrochers*, 572 F.3d
20 at 710 (citation omitted). "On the other hand, speech that deals with 'individual personnel disputes
21 and grievances' and that would be of 'no relevance to the public's evaluation of the performance of
22 governmental agencies is generally not of 'public concern.'" *Coszalter v. City of Salem*, 320 F.3d
23 968, 973 (9th Cir. 2003) (citation omitted).

24 In addition, the form and context of Plaintiff's speech are also relevant to the court's
25 assessment of whether the First Amendment protects the speech. *See Ulrich v. City & County of*

26

3

*San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002) (citation omitted).  In the analysis of form and context, the court focuses on the purpose of the speech, and considers such factors as the employee's motivation and the audience chosen for the speech.  *Id.* (citation omitted).

The court has reviewed the documents Plaintiff identified as addressing matters of public concern and finds that the documents either were written after Plaintiff initiated this action or reflect mere personnel grievances.  For example, Plaintiff initiated this action on March 4, 2007, and Plaintiff did not make several of the statements upon which he relies to support his claim until after that date.  Plaintiff has made no attempt to amend his complaint to include these allegations.  As such, these statements cannot form the basis of Plaintiff's retaliation claim.

Moreover, the statements Plaintiff cites are internal communications from himself to his superiors at the UNRPD.  As the court noted in its previous order, although the content of Plaintiff's speech addressed, in part, the functioning of the police department, "speech not otherwise of public concern does not attain that status because its subject matter could, *in different circumstances*, have been the topic of a communication to the public that might be of general interest."  *Id.* (quoting *Connick*, 461 U.S. at 148 n.8).  The Ninth Circuit has stated,

> In a close case, when the subject matter of a statement is only marginally related to issues of public concern, the fact that it was made because of a grudge or other private interest or to co-workers rather than to the press may lead the court to conclude that the statement does not substantially involve a matter of public concern

*Johnson v. Multnomah County*, 48 F.3d 420, 425 (9th Cir. 1995).  This is such a case.[5]  As a result,

///

---

[5] Plaintiff repeatedly states that because he did not make the statements at issue pursuant to his official duties, the speech addressed matters of public concern.  This is not a correct statement of the law.  While, in determining whether speech is protected, the court does consider whether an employee made a statement pursuant to official duties, this consideration is not dispositive.  Instead, it is one of several factors that the court considers.

summary judgment on Plaintiff's First Amendment retaliation claim is appropriate.

IT IS THEREFORE ORDERED that Defendants' Renewed Motion for Summary Judgment (#133) is GRANTED.

The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 16th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5